UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH,<br>Plaintiff,<br>v.<br>K. SWIWET BINNING, et al.,<br>Defendants. | Case No. 17-cv-00155-WHO (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Dkt. Nos. 2, 5 and 12 |

Plaintiff Shawn Barth's motion to file an amended complaint (Dkt. No. 12) is GRANTED. The complaint is DISMISSED with leave to file an amended complaint on or before **June 15, 2017**.[1] The new complaint must include the caption and civil case number used in this order (17-00155 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, Barth must include in his first amended complaint all the claims he wishes to present and all the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to Barth.

---

[1] Barth asks for 90 days. The Court will grant him 45.

Barth also moves for the appointment of counsel (Dkt. No. 2), and for an order of protection against persons at Salinas Valley State Prison (Dkt. No. 5).

The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

In the Ninth Circuit, roughly one-third of new civil litigants in district court are not represented by counsel. United States Courts for the Ninth Circuit, 2014 Annual Report 39 (2015), available at http://www.ce9.uscourts.gov/publications/AnnualReport2014.pdf. Most, but by no means all, of these litigants are incarcerated. There is no doubt that not having a lawyer puts a party at a disadvantage in our adversarial system of justice, and the high percentage of civil litigants who cannot afford one threatens our ability to dispense equal justice to rich and poor alike, as the judicial oath demands. That said, I am compelled to follow controlling precedent and determine if "exceptional circumstances" exist to appoint counsel in the cases before me.

At least at this stage of the proceedings, Barth has not shown that exceptional circumstances exist. His filings are reasoned and sufficiently clear, and the suit does not present complex legal issues. Accordingly, Barth's motion for the appointment of counsel is DENIED. When I review a motion for summary judgment in this case, and can evaluate Barth's likelihood of success on the merits, I will reconsider the necessity of appointing counsel.

Barth's motion for an order of protection against persons at Salinas Valley (Dkt. No. 5) is DENIED as moot because Barth is no longer housed at Salinas Valley. (Dkt. No. 11.)

It is Barth's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply will result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall terminate Dkt. Nos. 2, 5 and 12.

**IT IS SO ORDERED.**

**Dated:** May 1, 2017



WILLIAM H. ORRICK
United States District Judge